UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GERMAN ZAMBRANO-MADRIGAL,<br><br>Defendant/Petitioner. | No. 2:07-CR-6038-LRS-1<br><br>**ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

BEFORE THE COURT is *pro se* Petitioner German Zambrano-Madrigal's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 60) filed August 29, 2016. Petitioner is serving a 120-month sentence imposed in the Eastern District of Pennsylvania for distribution and possession of controlled substances, aiding and abetting, and illegal reentry after deportation.

On December 5, 2007 Petitioner was originally sentenced by this court for being an Alien in the United States after Deportation. The instant Motion challenges this court's September 2012 Revocation Judgment revoking his supervised release and sentencing him to a term of 24 months in prison, 12 months to run consecutive to the Pennsylvania sentence and 12 months to run concurrent. Upon review of the Motion, the court finds that the Motion is appropriate for summary disposition without further response from the Government or evidentiary hearing.

ORDER - 1

## DISCUSSION

The timeliness of Petitioner's § 2255 Motion is governed by 28 U.S.C. § 2255(f). That section provides the following:

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's supervised release was revoked after hearing on September 10, 2012. The Revocation Judgment was entered September 14, 2012. (ECF No. 50). Petitioner did not appeal from that judgment. By operation of law, then, the judgment became final upon expiration of the time for Petitioner to file an appeal (14 days after entry of judgment). *See* Fed.R.App.P. 4(b)(1). Thus for purposes of 28 U.S.C. § 2255(f)(1), Petitioner had until September 28, 2013 to timely file a § 2255 motion challenging the Revocation Judgment and sentence. Thus, absent a showing that an alternate date for commencement of the limitation period should be applied under § 2255(f)(2)-(4), or that the limitation period should be equitably tolled, Petitioner's § 2255 motion is untimely.

ORDER - 2

None of the alternate provisions of § 2255(f)(2)-(4) for commencement of the limitation period apply. The one-year limitation period "is subject to equitable tolling," but only when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 668 (2010). Addressing the timeliness of the Motion, Petitioner states: "I don't really no [sic] about the 2255 at the time." (ECF No. 60 at 13). Petitioner also alleges therein he had no support or help from his counsel. Petitioner's allegations do not rise to the level of extraordinary circumstances. [1]

Even if Petitioner's Motion was not time barred, his claims lack substantive merit. Petitioner contends that the denial of a copy of the United States Probation's Confidential sentencing recommendation violated due process and rendered his counsel ineffective. This argument was rejected in *U.S. v. Baldrich*, 471 F.3d 1110 (9th Cir. 2006). Petitioner also contends the court "improperly calculate[d] the guidelines range of the probation violation as consecutive." (ECF No. 60 at 2). The

---

[1] Notably, in September 2013, Defendant in fact filed a pro se Motion to Modify his sentence, which was denied. As the court's Order (ECF No. 58) did not expressly characterize that motion as one under §2255, the court does not consider the instant Motion subject to the bar on second or successive motions.

ORDER - 3

court sentenced Petitioner to serve the statutory maximum of 24 months, which was less than the Guidelines Range of 33-41 months. Any alleged error in the sentencing range, did not have an impact on Defendant's sentence. Furthermore, the court was well within its discretion to impose a consecutive sentence. *See* ECF No. 58 (Order Denying Motion to Modify Sentence). Finally, Petitioner is misinformed regarding the nature of the second violation, which he claims was based on a failure to report to U.S. Probation. The second violation, like the first, was a violation of Mandatory Condition No. 2, that the Defendant shall not commit another Federal, state, or local crime, and was based upon the drug charges.

## CONCLUSION

Petitioner's Motion under 28 U.S.C. § 2255 is a time barred. Further, his claims fail on the merits. The court therefore **DENIES** the Motion (**ECF No. 60**) and **DENIES** a Certificate of Appealability.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this order, provide copies to counsel, and mail a copy to the Petitioner.

DATED this 26th day of September, 2016.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
SENIOR U.S. DISTRICT JUDGE

ORDER - 4